UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| U.S. BANK EQUIPMENT FINANCE, a division of U.S. BANK N.A., <br><br> Plaintiff, <br><br> v. <br><br> PANAMA XPRESS LOGISTICS, INC. and DEBBIE STORER a/k/a Debbie Sue Storer, <br><br> Defendants. | Case No. 24-cv-1238-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff U.S. Bank Equipment Finance ("U.S. Bank") to reinstate this case and for entry of judgment pursuant to the parties' settlement agreement, of which pertinent parts were incorporated into the order dismissing this case (Doc. 18). Defendants Panama Xpress Logistics, Inc. ("PXL") and Debbie Storer have not responded to the motion.

In May 2024, U.S. Bank brought causes of action against PXL and Storer for breach of contract (Count I), breach of guaranty (Count II), replevin (Count III), and detinue (Count IV). The parties settled the matter in June 2024 as reflected in the Settlement Agreement and Stipulation for Entry of Judgment ("Settlement Agreement") (Doc. 15-1). Under the Settlement Agreement, the defendants agreed to pay U.S. Bank $162,722.17 in monthly installments from June 1014 to February 2027. The Settlement Agreement provided that nonpayment of an installment was a default and that the failure to timely cure a default would give U.S. Bank the right to reinstate the litigation and to a judgment on Count I against PXL and Count II against Storer, jointly and severally, in the amount of $162,722.17, plus interest at eighteen percent (18%) per annum from May 5, 2024, the date the complaint was filed, through the date of

judgment, plus attorney's fees and costs, less payments made under the Settlement Agreement.

The failure to cure a default would also give U.S. Bank the right to a judgment on Count III against PXL and on Count IV against PXL and Storer and an order directing the defendants to turn over certain equipment in which U.S. Bank has a priority security interest and, if it is not turned over, an order of replevin.

The Court conditioned the dismissal of this case upon the parties' compliance with the terms of the Settlement Agreement and, rather than entering final judgment, retained jurisdiction to enforce the terms of Settlement Agreement, which it incorporated into its order of dismissal.

U.S. Bank comes before the Court now with evidence that the defendants failed to make the payments due in September 2024 and every month thereafter and failed to cure those deficiencies. They have presented evidence that the amount due under the Settlement Agreement for Counts I and II is $185,143.46, which consists of:

- $147,900.34 in balance remaining;
- $28,592.48 in interest;
- $7,817.00 in attorneys' fees; and
- $833.64 in costs.

U.S. Bank is entitled to judgment in that amount on Counts I and II, to be offset by any amounts recovered from the disposition of the property listed below.

U.S. Bank has further presented evidence that the defendants have failed to return the equipment in which U.S. Bank has a priority security interest. U.S. Bank is therefore entitled to immediate possession of, and PXL and Storer shall immediately surrender, the following property from PXL and/or Storer:

- one (1) 2018 Wabash Refrigerated Van Serial Number 1JJV532B2JL050493, one (1) 2018 Thermo King C600 Serial Number SAP91520675, one (1) 2018 Wabash Refrigerated Van Serial Number 1JJV532B4JL050494, one (1) 2018 Thermo King C600 Serial Number SAP91520771, one (1) 2018 Wabash Refrigerated Van Serial Number 1JJV532B6JL050495, one (1) 2018 Thermo King C600 Serial Number SAP91520774,

one (1) 2018 Wabash Refrigerated Van Serial Number 1JJV532B9JL050491, one (1) 2018 Thermo King C600 Serial Number SAP91523743, one (1) 2018 Wabash Refrigerated Van Serial Number 1JJV532BXJL045705, and one (1) 2018 Thermo King C600 Serial Number SAP91523753, or any portion thereof, from 300 Iva Ave., Newton, Illinois 62448, or wherever it may be found.

PXL and Storer shall surrender the foregoing equipment to U.S. Bank at a place and time directed by U.S. Bank within fourteen (14) days of the Court's entry of judgment. If PXL and Storer fail to turn over the property, U.S. Bank may seek an order of replevin from the Court to enforce the judgment.

Judgment shall be entered against PXL on Count III for attorneys' fees and costs and such other further relief as this Court deems just.

The Court therefore:

- **GRANTS** U.S. Bank's motion (Doc. 18);
- **REINSTATES** this case; and
- **DIRECTS** the Clerk of Court to enter judgment consistent with the Settlement Agreement as outlined above and then close the case.

**IT IS SO ORDERED.**
**Dated: September 25, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**